United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **Clicksoftware, Inc.,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
|  | ) | 16-12522-NMG |
| **Honeywell International Inc.,** | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a contract dispute over two separate but related agreements, each containing a different arbitration provision, between plaintiff, Clicksoftware, Inc. ("plaintiff" or "Clicksoftware"), and defendant Honeywell International Inc. ("defendant" or "Honeywell").

Pending before the Court is plaintiff's motion to compel arbitration of disputes regarding the second agreement in Massachusetts and defendant's motion to compel arbitration of disputes regarding both agreements in New York. Each party requests dismissal, or, alternatively, a stay of litigation pending the outcome of arbitration. For the reasons that follow, plaintiff's motion will be allowed and defendant's motion will be denied.

## I. Background

### A. Factual Background

In or about 2015, Honeywell and Clicksoftware discussed a joint project whereby Clicksoftware would provide Honeywell with a "Service Management System" for Honeywell's Business Solutions Division. Honeywell wanted that system to improve the efficiency of their technicians by, <u>inter</u> <u>alia</u>, use of real-time status updates and easier access to data on mobile devices. The information relied upon by the technicians would be accessed from a "cloud-based" service operated by Clicksoftware.

In December, 2015, the project was memorialized in two separate agreements: the Master Services Agreement ("the Master Agreement") and the Cloud Services Master Agreement ("the Cloud Agreement").

The Master Agreement, which is dated December 20, 2015 and printed on Honeywell letterhead, sets forth general terms and conditions applicable to the project as a whole. The Master Agreement does not incorporate or refer to the Cloud Agreement.

With respect to arbitration, the Master Agreement contains the following provision:

> **22. Dispute Resolution, Arbitration**
> Without limiting any of the parties rights to seek injunctive relief in any court of competent jurisdiction, any controversy or claim arising out of or relating to this Agreement or the breach of this Agreement, or the respective rights and responsibilities of the parties hereunder shall be

> settled by binding arbitration . . . . The
> arbitration shall be held and the award made in New
> York, New York.

The Master Agreement also contains a choice of law provision providing that the agreement is governed by New York law.

The Cloud Agreement, which was signed on December 31, 2015 and printed on Clicksoftware letterhead, sets forth terms and conditions regarding the cloud-based system that Clicksoftware agreed to maintain. The Cloud Agreement does incorporate or refer to the Master Agreement.

The Cloud Agreement also contains an arbitration clause:

> 15.5 <u>Binding Arbitration</u>: Without limiting any of the parties rights to seek injunctive relief in any court of competent jurisdiction, any controversy or claim arising out of or relating to this Agreement or the breach of this Agreement, or the respective rights and responsibilities of the parties hereunder shall be settled by binding arbitration . . . . The arbitration shall be held and the award made in the Commonwealth of Massachusetts.

Moreover, the Cloud Agreement contains a choice of law provision stating that it will be governed by the substantive laws of Massachusetts.

**B.   Procedural History**

In November, 2016, Clicksoftware filed a five-count complaint in Middelsex County Superior Court, alleging various contract-related claims. Defendant removed the case to this Court in December, 2016 and filed a motion to compel arbitration

-3-

in New York. That motion was denied as moot when plaintiff filed an amended complaint.

In January, 2017, Clicksoftware amended its complaint, removing all of the underlying substantive claims and retaining only the issue of arbitration venue before this Court. Subsequently, it filed a motion to compel arbitration of the Cloud Agreement in Massachusetts. Honeywell responded with its own motion to compel arbitration in New York. Those motions are the subjects of this memorandum.

## II. The Parties' Cross-Motions to Compel

### A. Legal Standard

Arbitration is a matter of contract and a party cannot be required to submit to arbitration any kind of dispute not specifically covered by the contract. AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986). Section 2 of the Federal Arbitration Act ("FAA") mandates that written arbitration agreements are valid, irrevocable and enforceable. 9 U.S.C. § 2. Section 4 of the FAA allows a party aggrieved by another party's failure to arbitrate according to the terms of a written arbitration agreement to petition for a court order directing that the arbitration proceed. 9 U.S.C. § 4. Whether parties agreed to submit a particular dispute to arbitration is an issue to be decided by the Court, not the arbitrator. Id. Should the issue be referred to arbitration, the Court can issue

a stay of the case pending resolution of the arbitration.
9 U.S.C. § 3.

In order to forego litigation and compel arbitration, the moving party must show

> that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.

Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 375 (1st Cir. 2011).

### B. Application

Both parties acknowledge the existence of arbitration provisions in the Master Agreement and Cloud Agreement covering their disputes and both agree that the Master Agreement should be arbitrated in New York. Thus, the only remaining issue before the Court is where arbitration of the Cloud Agreement should take place.

#### 1. The Court's Jurisdiction

As a threshold matter, defendant contends that the dispute as to whether the Cloud Agreement should be arbitrated in New York or Massachusetts is procedural, and, therefore, this Court lacks jurisdiction to decide the issue. This Court concludes otherwise.

First, as other courts that have squarely addressed this issue have concluded, determination of which of two or more

conflicting arbitration provisions applies is a "gateway" issue for the Court to decide. See GE Commercial Distrib. Fin. Corp. v. Donwin, LLC, No. 11-cv-01154, 2011 WL 2518905, at *5 (D. Colo. June 24, 2011).

Moreover, as the United States Supreme Court explained in Howsam v. Dean Witter Reynolds, Inc., there are two kinds of questions for the courts to decide: "whether the parties are bound by a given arbitration clause" and "whether an arbitration clause in a concededly binding contract applies" to a certain dispute. 537 U.S. 79, 84 (2002).

Although defendant construes the question as one of "consolidation," ultimately the issue is whether the parties are bound by the arbitration clause in the Cloud Agreement. Thus, the Court has jurisdiction. See Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 297 (2010) ("[T]he court must resolve any issue that calls into question the . . . applicability of the specific arbitration clause that a party seeks to have the court enforce.").

### 2. Venue for Arbitration of the Cloud Agreement

Next, the Court will determine whether plaintiff and defendant are bound by the arbitration provision in the Cloud Agreement and must arbitrate their dispute with respect to that agreement in Massachusetts.

Defendant maintains that the Master Agreement and Cloud Agreement should be read together and because it filed for arbitration first in New York, arbitration of both agreements should occur there. Clicksoftware generally contends that the two agreements are separate and each arbitration provision should be given full effect.

Although the two agreements apparently arose out of the same set of negotiations, they are separate, independent contracts.

Importantly, neither agreement incorporates or references the other and each has its own integration clause. For example, the Cloud Agreement provides that it

> together with its Annexes, constitute the entire understanding between the parties . . . with respect to the subject-matter of [the] Agreement.

With respect to the Cloud Agreement, the subject is cloud-based technology hosted and maintained by Clicksoftware and licensed to Honeywell. The Master Agreement, on the other hand, sets out the parties' obligations regarding "statements of work" ("SOWs") and purchase orders generally. The Master Agreement provides that SOWs are incorporated into the agreement but, based upon the sample SOW form attached to the Master Agreement, the Cloud Agreement is not a SOW. Rather, the Cloud Agreement is a stand-alone agreement. See Bowlby v. Carter Mfg. Corp., 138 F. Supp. 2d 182, 188 (D. Mass. 2001) (explaining that the

integration clause "indicates the parties' desire for the [second] agreement to stand on its own").

Because the Cloud Agreement is not a "supplement" to the Master Agreement, the Court concludes that the parties are bound by the arbitration clause providing that arbitration of disputes involving the Cloud Agreement will occur in Massachusetts, pursuant to Massachusetts law. See id. at 188-89 (declining to compel arbitration of a dispute involving an employment agreement as provided for in a related purchase agreement because the two contracts were independent of each other).

## ORDER

For the forgoing reasons,

1) the motion by plaintiff Clicksoftware, Inc. to compel arbitration and dismiss or, alternatively, stay (Docket No. 14) is **ALLOWED** and

2) the motion by defendant Honeywell International Inc. to compel arbitration and dismiss or, alternatively, stay (Docket No. 16) is **DENIED**.

Because there are no remaining substantive issues before the Court, this case is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 30, 2017